UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LJI, Inc., a Minnesota Corporation, and Joe and Linda Itman,

Plaintiffs.

MEMORANDUM OPINION AND ORDER
Civil No. 00-1702 (MJD/LGL)

Homewatch International, Inc., a Colorado corporation,

Defendant.

---

William R. Skolnick and Sean A. Shiff, Skolnick & Associates, P.A. for and on behalf of Plaintiffs.

Jeffrey J. Cowman and Harold R. Bruno, III, Smith McCullough, P.C. for and on behalf of Defendant.

---

This matter is before the Court upon motion of the Defendant to dismiss or in the alternative to stay pending arbitration.

In July 1997, Plaintiffs purchased a Homewatch franchise from Defendant pursuant to a Franchise Agreement. The Franchise Agreement includes an arbitration agreement, which provides:

> Except insofar as Franchisor elects to enforce this Agreement by judicial process, injunction or specific performance, all disputes and claims between Franchisor, its subsidiaries, and affiliated companies and their shareholders, officers, directors, agents, employees and attorneys, and Franchisee, its owners and guarantors, if applicable, relating to any provision hereof, any specification, standard operating procedure or any other obligation of Franchisee prescribed by Franchisor, or any obligation of Franchisor, or the alleged breach thereof, shall be submitted for arbitration to the Denver, Colorado office of the American Arbitration Association on demand of

(14)



FILED NOV 29 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD 11-29-00
DEPUTY CLERK gL

> either party. Such arbitration proceedings shall be conducted in Denver, Colorado and shall be heard by one arbitrator in accordance with the then current commercial arbitration rules of the American Arbitration Association.

The Franchise Agreement also contains provisions concerning termination and renewal of the franchise.

Plaintiffs brought the current action, alleging that Defendant entered into a separate and independent agreement with Plaintiffs, in which Defendant agreed to re-purchase the Plaintiffs' franchise, and that Defendant breached this agreement by refusing to pay the purchase price. Plaintiff argues that the arbitration agreement in the Franchise Agreement is not applicable here, because this dispute does not arise under the Franchise Agreement, because that agreement did not contemplate Defendant re-purchasing the franchise during the term of the agreement.

Defendant argues, and the Court agrees, that the arbitration agreement in the Franchise Agreement is applicable to this dispute, as this dispute has its genesis in the Franchise Agreement. Defendant argues that the language of the arbitration is broad, and is not intended to apply only to breaches of the Franchise Agreement.

Accordingly, IT IS HEREBY ORDERED that Defendant Homewatch International, Inc.'s Motion to Dismiss is GRANTED. Plaintiffs' Complaint is DISMISSED WITH PREJUDICE.

Date: Nov. 27, 2000

Michael J Davis
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd